**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| ELSIE SPRINGER | : | |
| | : | |
| Appellant | : | No. 438 WDA 2017 |

Appeal from the Judgment of Sentence February 7, 2017
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000611-2016,
CP-61-CR-0000741-2016

BEFORE:   OLSON, DUBOW, JJ., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:           **FILED SEPTEMBER 21, 2017**

Appellant Elsie Springer appeals from the judgement of sentence entered in the Court of Common Pleas of Venango County on February 7, 2017, at which time she was sentenced to an aggregate term of six (6) months to twenty-four (24) months in prison followed by five (5) years of probation. We affirm.

On December 19, 2016, Appellant entered an open guilty plea to charges brought in two, separate docket numbers. Specifically, Appellant pled guilty to one count each of criminal trespass; retaliation against witness, victim or party; criminal mischief; and resisting arrest or other law

_____
* Former Justice specially assigned to the Superior Court.

enforcement.[1]   N.T. Guilty Plea, 12/19/16, at 36.   The Commonwealth *nol prossed* the remaining counts and recommended that Appellant be sentenced in the standard range of the Sentencing Guidelines.   *Id*. at 21, 23, 34.   The trial court informed Appellant that the statutory maximum sentence for the crimes is eight (8) years to sixteen (16) years in prison.   *Id*. at 33-34.

Appellant filed a timely notice of Appeal with this Court on March 9, 2017.   Appellant complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and the trial court filed its Rule 1925(a) opinion on April 27, 2017.

In her appellate brief, Appellant presents the following question for this Court's review:

> Whether the lower court abused its discretion by imposing a sentence without giving consideration to all the relevant factors and sentenced Appellant without taking into consideration other relevant sentencing factors under 42 Pa.C.S.A. Section 9721(b) including but not limited to rehabilitative needs.

Brief for Appellant at 4.   In support of her claim, Appellant asserts that:

> [she] has a prior record score of zero.   Essentially, [Appellant] is in the Venango County court system for the next seven years.   Her real need for rehabilitation would be best met in New York, where her family lives and her actual support

---

[1] 18 Pa.C.S.A. §§3503(a)(1); 4953(a); 3304(a)(5) and 5104, respectively. The victim in this case previously had provided testimony against Appellant's husband which assisted in securing the latter's conviction in Venango County. *Id*. at 23-24, 27.

system is located. The sentence imposed does not take that into consideration.

*Id*. at 10.

Appellant's issue implicates the discretionary aspects of her sentence, and as this Court recently reiterated:

> When a defendant enters a guilty plea, the defendant waives the right to "challenge on appeal all non-jurisdictional defects except the legality of [the] sentence and the validity of [the] plea." ***Commonwealth v. Pantalion***, 957 A.2d 1267, 1271 (Pa. Super. 2008) (citation omitted). However, the defendant retains the right to challenge the discretionary aspects of his sentence:
>
>> A defendant, who enters a guilty plea which does not involve a plea bargain designating the sentence to be imposed, cannot be said to have granted the sentencing court *carte blanche* to impose a discriminatory, vindictive or excessive sentence so long as the legal limits are not exceeded. Obviously, the entry of a guilty plea does not preclude a petition for allowance of appeal of discretionary aspects of [a] sentence subsequently imposed.
>>
>> ***Commonwealth v. Dalberto***, 436 Pa.Super. 391, 648 A.2d 16, 20 (1994) (emphasis in original; citation omitted), ***appeal denied***, 540 Pa. 594, 655 A.2d 983, ***cert. denied***, 516 U.S. 818, 116 S.Ct. 75, 133 L.Ed.2d 34 (1995)[.]

***Commonwealth v. Luketic***, 162 A.3d 1149, 1159 (Pa.Super. 2017) (emphasis omitted). Thus, Appellant may challenge the discretionary aspects of her sentence, despite her open plea of guilty. ***See Dalberto***, 648 A.2d at 20. When reviewing a discretionary aspects of sentencing claim, this Court is guided by the following principles:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion.... [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its

- 3 -

discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.... An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.... The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. **Commonwealth v. Walls**, 592 Pa. 557, 926 A.2d 957, 961 (2007) (internal citations omitted).

**Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa.Super. 2011).

However, it is well-settled that challenges to the discretionary aspects of one's sentence are not reviewable as a matter of right. **Id**. Before this Court can address such a discretionary challenge, an appellant must satisfy the following four-part test:

(1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

**Id**.

What constitutes a substantial question must be evaluated on a case-by-case basis. **Commonwealth v. Paul**, 925 A.2d 825, 828 (Pa.Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa.Super. 2000) (internal citation omitted). Therefore, an appellant's Rule 2119(f) statement must sufficiently articulate the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process. ***Commonwealth v. Mouzon***, 571 Pa. 419, 426, 812 A.2d 617, 622 (2002).

In the instant case, although Appellant filed a timely notice of appeal, she failed to preserve her challenge to the discretionary aspects of sentencing in a post-sentence motion or in a motion to reconsider and modify sentence. Also, she did not raise the claim before the trial court during the sentencing hearing. Consequently, Appellant did not give the trial court an opportunity to reconsider or modify its sentence; therefore, this issue is waived. ***Commonwealth v. Griffin***, 65 A.3d 932, 935-36 (Pa.Super. 2013) ***see also Commonwealth v. Bromley***, 862 A.2d 598, 603 (Pa.Super. 2004) ("It is well settled that an [a]ppellant's challenge to the discretionary aspect of his sentence is waived if the [a]ppellant has not filed a post-sentence motion challenging the discretionary aspects with the sentencing court.") (citations omitted).

We also conclude Appellant's claim in her Rule 2119(f) statement that the trial court "did not adequately consider all of the relevant sentencing factors, chiefly her rehabilitative needs" when imposing its sentence does

not raise a substantial question as to the discretionary aspects of sentencing. This Court repeatedly has held a bald allegation that the trial court failed to consider particular circumstances or factors in an appellant's case goes to the weight accorded to various sentencing factors and does not raise a substantial question. **Commonwealth v. Christine**, 78 A.3d 1, 10-11 (Pa.Super. 2013), *aff'd*, ___ Pa. ____, 125 A.3d 394 (2015).

As the trial court in this case did have the benefit of a PSI, **See** N.T. Sentence Hearing, 2/7/17, at 13, this Court presumes that it considered all relevant sentencing factors and fashioned an individualized sentence. Indeed, the trial court detailed its reasons for imposing Appellant's sentence at the sentencing hearing. **Id**. at 21-27. In addition, in its Opinion filed pursuant to Rule 1925(a), the court explained the analysis which preceded its sentence as follows:

> The [c]ourt is somewhat constrained in the matter in that [Appellant's] Concise Statement does not offer any insight as to precisely how the sentence does not comply with the statute or fundamental reasoning norms. As such, the [c]ourt will simply justify the sentence as a whole.
>
> [Appellant] had a prior record score ("PRS") of "0" at the time of sentencing. At Count 2, a Felony 2 with offense gravity score of "4". The standard range minimum was RS-3 months, with a maximum of 120 months. At Count 3, a Misdemeanor 2 with an OGS of "5", the standard range minimum is RS-9, with a maximum of 2 years. Finally, a Count 5, a Misdemeanor 2 with an OGS of "2", the standard range minimum provides only for restorative sanctions, with a maximum of 2 years.
>
> [Appellant's] minimum jail term on Count 3 was in the middle of the standard range minimum, and the maximum sentence was limited to 24 months less a day to ensure [Appellant] remained in the county jail, rather than in a state institution. The sentence on Count 2 went to the statutory

maximum, but only a sentence of probation, with no jail time. Likewise, the sentence at Count 5 reached the statutory maximum, but was again probation.

This [c]ourt makes a practice of reviewing each file for defendants prior to their sentencing hearing, which allows the [c]ourt to refresh on the nature of the offense, the impact on the victim, the defendant's behavior while incarcerated if applicable, supervision reports, plea agreements, and the information contained in the PSI if applicable. In the instant case, the Commonwealth's recommendation on the plea agreement was only a recommendation to standard range sentence, with no mention as to concurrency/consecutiveness, or allocation to probation or jail time.

Therefore, this left the [c]ourt discretion with which to craft the sentence. [Appellant's] convictions of a Felony 2 and two Misdemeanor 2 counts allowed the [c]ourt to determine the proper amount of jail time and unconfined supervision in order to allow [Appellant] to best reintegrate into society with the lowest risk of reoffending. Therefore, the court imposed a jail sentence at one of the M2 counts, while maximizing the period of supervision by using the Felony 2 count.

The nature of this sentence allows for the punitive nature of punishment, while providing ample opportunity for [Appellant] to rehabilitate. The sentence allows for work release, release to attend counseling sessions, and the County-Rentry [sic] Program, which allows release from VCJ to attend drug and alcohol treatment, anger management, and/or other court-ordered programming. The lengthy period of probation is to encourage [Appellant] to continue law-abiding behavior upon release from incarceration, providing the [c]ourt with greater latitude to assist [Appellant] should [Appellant] slip-up during her attempts to move on from thses [sic] criminal convictions. The [c]ourt has effectively implemented these types of sentences before, using them to successfully steer defendants away from the path of a "frequent flier." In this [c]ourt's opinion, such a sentence is appropriate precisely to allow [Appellant] to meet her rehabilitative needs.

Trial Court Opinion, filed 4/27/17, at 3-4 (emphasis in original).

Therefore, based on the foregoing, we find Appellant's claim that the sentencing court did not adequately consider relevant factors of record when

fashioning her sentence is both waived and fails to raise a substantial question.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  9/21/2017